UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | CRIM NO. 10-747 |
| v. | OPINION |
| CARL TIMM, | |
| *Defendant*. | |

This matter comes before the Court on two the *pro se* Petitions by Defendant Carl Timm for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. 37, 41]. For the reasons set forth herein, the Court will deny the Petition.

I. **Background**

On November 3, 2010, Carl Timm entered a plea of guilty a two-count Information.[1] [Dkt. No. 28]. Count one charged Timm with violation of 18 U.S.C. § 2423(b) and 18 U.S.C. § 2423(e) and count two charged a violation of 18 U.S.C. § 2252A(a)(2)(A). [Dkt. No. 25]. Mr. Timm was sentenced on March 18, 2011 to 240 months of incarceration, to be followed by a life term of supervised release, and a $200 special assessment. [Dkt. Nos. 31, 32].

Mr. Timm, who is housed at Federal Medical Center Devins, seeks a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. No. 41]. The Petitions requests modification of Mr. Timm's sentence based on his age medical conditions, which makes him a higher risk of contracting COVID-19. Mr. Timm uses a

---

[1] A Criminal Complaint was filed on May 3, 2010.

walker to alleviate limitations caused by multiple sclerosis and osteoarthritis in his right hip. He also suffers from intraductal papillary mucinous neoplasm which causes poor pancreas function and he anticipates having his bowel surgically resected. These conditions are painful, cause vomiting, diarrhea, and constant nausea. His multiple sclerosis has caused blindness in one eye and limited vision in the other eye. He takes prescribed immunosuppressant medication, which leaves him vulnerable to contracting the COVID-19 virus.

In his first Petition, Mr. Timm recounts he successfully weathered a COVID-19 diagnosis in December 2020 and that he was denied eligibility for the vaccine but did seek to obtain one. [Dkt. No. 37 at 5 and 6).

The record reflects that Mr. Timm sought and was denied administrative relief prior to filing the Petition. *See* Ex. A., Petition, at Dkt. No. 37.

## II. Legal Standard

A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case meets one of the limited exceptions under the First Step Act ("the Act"). Pursuant to the Act, a court may modify an imposed term of imprisonment—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set

forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing Commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in pertinent part that after considering applicable factors set forth in 18 U.S.C. § 3553(a), "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13. As set forth in the policy statement, a defendant's medical condition may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or the defendant is:

(C) suffering from a serious physical or medical condition,

(D) suffering from a serious functional or cognitive impairment, or

3

>  (E) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* Additional circumstances that may qualify include the age of the defendant, family circumstances, and other reasons. *Id.*

### III. Discussion

To grant Defendant's request for early release, the Court must first find that Defendant's health or medical conditions present an extraordinary and compelling reason for reducing Defendant's sentence considering the COVID-19 pandemic. *See United States v. Hynes*, No. 3:18-CR-00222, 2020 WL 6060984, at *3 (D.N.J. Oct. 14, 2020). Courts look to those conditions that the CDC has identified as "high-risk" factors to make this determination. *See, e.g., United States v. Catanzarite*, No. CR 18-0362 (ES), 2020 WL 2786927, at *4 (D.N.J. May 29, 2020).

Defendant argues that his vulnerabilities as well as the threat of the COVID-19 virus constitute extraordinary and compelling reasons for reducing his sentence. Defendant's medical records confirm his conditions, but also demonstrate that he is receiving active care to manage those conditions. In addition, he has had COVID-19 and sought to receive the vaccine but is does not appear that he has ever been hospitalized due to his bought with the COVID-19 virus. Although he is housed at a Medical Facility, he generally complains that his room assignment places him in closer proximity to maladies of others, including positive Covid-19 individuals.

Mr. Timm complains that he is immunocompromised. The CDC has identified that condition and Mr. Timm's age as conditions that "can make" an individual "more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions,*

4

*CDC*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated April May 11, 2023). Like many housed at Federal Medical Center Devins, given Mr. Timm's physical conditions, the Court assumes that he was and continues to remain vulnerable to the Covid-19 virus and new COVID-19 variants which could place him at a greater risk of severe illness if he contracted the virus.

Even considering Mr. Timm's heightened risk, the Court finds that these circumstances are not extraordinary and compelling to warrant compassionate release. In addition, the COVID-19 pandemic does not currently present an extraordinary threat to Defendant or other inmates at Federal Medical Center Devins. While the COVID-19 virus infected a shocking number of inmates at certain BOP facilities, available information suggests that the situation has improved considerably. *See Fed. Bureau of Prisons, Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated April 24, 2024).

In addition, a significant portion of the incarcerated population has been vaccinated, reducing the potential for widespread risk, and reducing the risk that Defendant will contract COVID-19. *See Ctrs. for Disease Control and Prevention, COVID-19: COVID-19 Vaccine Effectiveness*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated March 7, 2024).

The BOP's efforts to vaccinate inmates against COVID-19 suggest that Mr. Timm will have the opportunity to receive a vaccine, or a booster, if he has not done so already. *See United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) (denying compassionate release to defendant with obesity and asthma housed at

5

FCI Fort Dix because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."). While Defendant is surely still at risk of contracting COVID-19, the improved conditions at all BOP facilities do not present extraordinary and compelling reasons for his early release. *See United States v. Del Rosario Martinez*, No. 19 CR5218-MMA, 2021 WL 956158, at *4 (S.D. Cal. Mar. 10, 2021) (finding no extraordinary or compelling reasons for early release for defendant with two high-risk health conditions because "[d]efendant is housed at an institution where the spread of the virus is currently minimal to virtually nonexistent.").

Moreover, even if Defendant's medical conditions and the circumstances at Federal Medical Center Devins presented extraordinary and compelling circumstances for compassionate release, "a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release." *United States v. Adams*, No. 3:00-CR-00697, 2020 WL 6063055, at *5 (D.N.J. Oct. 14, 2020) (citing *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020)).

In this case, the § 3553(a) factors weigh heavily against granting Mr. Timm's Petitions. First, the nature of Mr. Timm's conviction includes travelling from New Jersey to New York to engage in illicit sexual conduct with a minor not yet 12 years old and distributing more than ten graphic child pornography images interstate commerce. The history and character of the defendant also counsel against relief. Mr. Timm's sentencing considerations included that Mr. Timm also videotaped himself in sexual act with a minor female, believed to be Mr. Timm's niece who was approximately 11 years old at the time. At Mr. Timm's residence, investigators found over fifty similar tape recordings, video equipment and media stored on Mr. Timm's computer. Mr. Timm's

history and characteristics, as well as the need for deterrence, weigh strongly against early release. *See* 18 U.S.C. §§ 3553(a)(2)(B)-(C).

Mr. Timm has an anticipated release date of April 4, 2027. On this record, further reducing Defendant's sentence would not adequately reflect his criminal history, promote respect for the law, or deter criminal conduct. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (finding that a district court may deny compassionate release where granting a defendant's request would require a "substantial sentencing reduction" and conflict with § 3553(a) factors). Thus, the § 3553(a) factors confirm that Defendant is not entitled to early release.

## IV.   Conclusion

For the reasons set forth herein, the Court will deny Mr. Timm's Petitions for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). An appropriate order will follow.

Dated: July 11th 2024

Hon. Joseph H. Rodriguez, U.S.D.J.